# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2965 | **DATE** | 10/20/2010 |
| **CASE TITLE** | Construction and General Laborers' District Council of Chicago and Vicinity v. D.M.D. Services, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendants Jacqueline DiSilvio, D.M.D. Services, Inc. to dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [14] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Defendants have moved to dismiss all three counts of plaintiff's complaint. For the reasons discussed below, the motion is denied.

Defendants move to dismiss Count I of plaintiff's complaint, which asserts a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, on the ground that the claim is insufficiently pleaded. Defendants argue that it "appears that Plaintiff is trying to assert a breach of contract action under the LMRA," and that the complaint does not allege all of the "factors" necessary to establish a claim for breach of contract. It is not necessary, however, for a plaintiff to specifically allege each element of each cause of action asserted in a complaint. Rather, as the Seventh Circuit has explained, "[a] plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks omitted). Plaintiff's complaint meets this standard. It alleges the existence of a specific labor agreement with the defendants and it describes the manner in which the defendants allegedly breached the agreement. The fact that plaintiff did not attach a copy of the contract to the complaint is, as defendants themselves ultimately admit, not a basis for dismissal.

Defendants argue that Count II of plaintiff's complaint, which alleges a claim under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, et seq., should be dismissed because it is preempted by the LMRA. I disagree. "In order to determine whether a party's state law claims are preempted under this section, we look to see whether the resolution of

the claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement." *Loewen Group Intern., Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir. 1995). If so, the state law claim is preempted. *See, e.g.*, *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996). However, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Loewen*, 65 F.3d at 1421 (quotation marks omitted).

Count II alleges that the defendants' employees executed written assignments authorizing the withholding of a portion of their wages for remittance to satisfy union dues and fee obligations. The complaint further alleges that defendants withheld the wages but never remitted them to the union. There is no reason to think that adjudicating this claim will require interpretation of any of the terms of the parties' collective bargaining agreement. Indeed, virtually the same argument was rejected in an earlier suit brought by plaintiff, *Construction and General Laborers' Dist. Council of Chicago and Vicinity v. Roth's Reliable Const. Co., Inc.*, No. 03 C 7417, 2004 WL 1470269 (N.D. Ill. June 29, 2004). In rejecting the defendant's preemption argument, the court concluded that it was not necessary to interpret the CBA in order to resolve the plaintiff's IWPCA claim. Rather, the court explained, it would be necessary only "to decide: (1) if the Roth's Reliable employees signed wage assignments; (2) if so, if Mr. Roth deducted money from the paychecks as specified in the wage assignments; (3) if so, whether the monies were turned over in accordance with wage assignments; and (4) if not, what happened to that money." *Id*. at *2. The same reasoning applies here. Accordingly, defendants' motion to dismiss Count II is denied.

Defendants also appear to suggest that plaintiff lacks standing because it has not shown that the LMRA allows suits to be brought by labor organizations. However, the LMRA specifically provides that a "labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States." 29 U.S.C. § 185(b). Defendants cite no authority, and I could find none, supporting the claim that labor organizations lack standing to bring claims under the IWPCA.

Finally, I deny defendants' motion to dismiss Count III of the complaint, which asserts a claim for conversion under Illinois law. As with Count I, defendants contend that the claim has not been properly pleaded because plaintiff has failed to allege all of the claim's elements. Count III easily satisfies Fed. R. Civ. P. 8(a)'s notice pleading requirement: it alleges that defendants withheld portions of employees' wages for union dues and fees, and that instead of turning the money over to the union, they appropriated the money for their own use and benefit. This is sufficient to give defendants fair notice of what the claim is and the grounds upon which it rests.